### JOBBINS vs. MONTAGUE and ALBERTSON.

1. Bill by assignee in bankruptcy, to have a deed given by the bankrupt to A., declared void, and the true amount due on a mortgage given by him to M., alleged to be fraudulent, ascertained; and that the complainant may be allowed to redeem, or the mortgagee be decreed to assign, upon payment of that amount to him; and that the decree obtained in a foreclosure suit upon the mortgage, may be opened, and the sale under the execution issued in it stayed by injunction. The court held that the injunction which had issued upon filing the bill must be dissolved at the end of thirty days, unless the mortgagee should, within that time, on tender of the amount of his debt, interest, and costs, refuse to assign his mortgage, decree, and execution to the complainant; or, if he is not provided with funds to redeem, he may, at his election, have the injunction dissolved as to the sale, and have an order to compel the sheriff to pay all the proceeds of the sale, above the debts and costs of M., into court, to be disposed of on application for surplus moneys.

2. A. not having answered, the allegations in the bill were held sufficient to sustain an injunction against paying over any of the proceeds of sale to him.

---

On motion to dissolve injunction, made upon bill and answer.

*Mr. Pultney,* (of New York,) for motion.

*Mr. Dixon,* contra.

THE CHANCELLOR.

The complainant is the assignee in bankruptcy of I. P. Browner & Co., appointed by the District Court for the Southern District of New York, on application of a creditor,

on petition filed January 13th, 1870. Townsend Jackson, one of the firm, had owned real estate in Hudson county, in this state. This, on the 15th of June, 1869, he had mortgaged to the defendant, Montague, for $10,000, and on the 24th of November in that year, had conveyed to the defendant, Albertson, subject to that mortgage. The complainant was appointed assignee on the 18th of February, 1870, and the bankrupts' assignment of all their estate to him was recorded in the Hudson county clerk's office, June 24th, 1870.

Montague filed a bill in this court to foreclose his mortgage October 17th, 1870, and made Jackson and Albertson parties, but did not make the complainant, the assignee in bankruptcy, a party.

An order was made in the United States District Court in New York, on the suit of Jobbins as assignee, against Albertson and others, appointing Jobbins receiver of this real estate in New Jersey. This order was served upon Montague October 11th, 1870, six days before his bill of foreclosure was filed. The final decree in the foreclosure suit was made February 17th, 1871, for sale for payment of $10,791, then due on the mortgage, with costs.

The bill in this case alleges that the mortgage to Montague is fraudulent, that it was given without consideration, in part or in whole, and that the deed to Albertson was given when the firm was insolvent, and the insolvency known to Albertson, and is without consideration. It prays that the deed to Albertson may be declared void; that the true amount due on the mortgage to Montague may be ascertained, and that the complainant may be allowed to redeem or Montague be decreed to assign upon payment of that amount to him; and that for this purpose the decree in the foreclosure suit may be opened, and the sale under the execution issued in it stayed by injunction.

The answer of Montague is full upon all the charges against him and his mortgage. It alleges that the mortgage was given for cash loaned, and actually advanced, six months before the filing of the petition in bankruptcy, and without any knowl-

edge or suspicion that Jackson or the firm were then insolvent or embarrassed, and that they were, in fact, at that time, perfectly solvent; and denies all knowledge of any fraud in the deed to Albertson.

In the foreclosure suit, all persons appearing at the time to be necessary parties, were made defendants. The deed to Albertson, if given *bona fide*, without notice of Jackson's insolvency, and for a consideration, is valid. Albertson was the apparent owner, and would remain so, until the conveyance to him was adjudged invalid. The appointment of a receiver by a court having no jurisdiction of the property, could not affect the title; it would not, if appointed by a court having such jurisdiction.

In the case as it now stands before me by the answer, Montague appears to have a valid mortgage made in good faith for a full consideration, and a decree of foreclosure regularly obtained and an execution for the sale of the premises. There is a controversy between Jobbins, the assignee, and the defendant, Albertson, as to the validity of the conveyance to Albertson. Montague ought not to be compelled to wait until that controversy is settled before he realizes the debt due to him. He answers that he is willing to transfer and assign the mortgage to Jobbins, the assignee, upon being paid his debt and costs. This is all that the complainant is entitled to, if his bill be treated as a bill to redeem. Or if he is not provided with funds to redeem, he may, at his election, have the injunction dissolved as to the sale, and have an order to compel the sheriff to pay all the proceeds of the sale, above the debts and costs of Montague, into court, to be disposed of on application for surplus moneys. The defendant, Albertson, has not answered, and the allegations in the bill are sufficient to sustain an injunction against paying over any of the proceeds of the sale to him.

The injunction must be dissolved at the end of thirty days, unless Montague shall, within that time, on tender of the amount of his debt, interest, and costs, refuse to assign his mortgage, decree, and execution to Jobbins.